## BAGGOTT v. SAWYER.

1. Parties to a cause, properly in court in person or by guardian *ad litem*, are bound by a decree passed in open court setting aside a sale previously made in that cause and also by a decree at chambers ordering a re-sale; and they will not be permitted fifteen years afterwards to question such decrees.
2. Parties to a cause knowing of a combination to chill the bidding at a judicial sale made therein cannot, after long acquiescence, have the sale set aside; but parties to the conspiracy cannot obtain the aid of the court in specifically enforcing their illegal agreement with their co conspirators.
3. The parties held bound by the decree vacating the first sale in the case and by the order of re-sale, are entitled to their proportionate interest in the securities taken at the resale.
4. Petition for rehearing refused.

Before HUDSON, J., Lexington, September, 1885.

The opinion sufficiently states the case.

*Mr. D. S. Henderson*, for plaintiffs and other heirs.

*Messrs. Meetze & Muller*, for George and John Sawyer.

*Mr. A. B. Sawyer*, for Catherine Sawyer and others.

*Messrs. G. T. Graham* and *J. H. Rion*, for the heirs of William Fort.

November 22, 1886.    The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON.    In January, 1862, an order was obtained in the Court of Equity for Lexington District (now county), in partition proceedings for the sale of certain real estate of one George Sawyer, sr., deceased, his heirs at law all being parties thereto.    At the sale of said real estate, his widow, Catherine Sawyer, one of the defendants here, became the purchaser, at and for the sum of $10,285, to secure which sum she executed her bond with one John W. Sawyer and William Fort as sureties to Henry A. Meetze, commissioner in equity, and also a mortgage of the premises.    Some time after this and before the proceedings in partition had ended, to wit: in July, 1869, Jane Fulmer and Jasper Sawyer, two of the parties to said proceeding, having died, an order was obtained from Judge Boozer to amend the bill in *Sawyer* v. *Sawyer*, making their heirs at law parties defendant, and also an order appointing guardians *ad litem* of certain minors.    These orders were obtained on motion of the aforesaid Mr. Fort, who was a relative of the parties, and the attorney having in charge the partition proceedings.

In August, 1869, two petitions were filed, one purporting to have been signed by Mrs. Catharine Sawyer, and praying that she might be released from her purchase of the said real estate, and that her bond and mortgage be given up and cancelled and a re-sale of the land be had.    This petition was based upon the great and unexpected change which had taken place in her condition on account of the results of the war.    The other petition purported to have been signed by the other heirs at law, the minors signing through their guardians *ad litem*, and prayed the same as the first one.    These petitions were referred to a special referee by Judge Boozer, to inquire and report whether it was best for the infants that the bond and mortgage should be released, &c.    Mr. Fort was the attorney for the petitioners.    The reference was held, and, as it appears, without notice to any of the parties or their guardians *ad litem*.    Upon a favorable report coming in, Judge Boozer, in open court, on December 14, 1869, decreed that the former sale be rescinded, the bond and mortgage

cancelled, and that it be referred to the referee to report upon what terms a re-sale should be ordered.

In accordance therewith a report was afterwards made, not signed, however, by the referee, Griffith, C. C. P., but by his deputy clerk, Mr. Harman, recommending a sale of the premises in two parcels, &c., upon which report Judge Boozer, *at chambers,* on December 29, 1869, decreed a sale, which was made by the sheriff of Lexington on February 7, 1870, at public outcry, George Sawyer being the purchaser of both tracts at $1,175— said to have been a very inadequate price. This bid of George Sawyer was on same day transferred to Mr. Fort, to whom the sheriff executed titles, upon his giving bond and mortgage to secure the credit portion of the purchase, the cash portion having been credited on the costs of sale and the fee of Mr. Fort as complainants' solicitor. No part of the bond and mortgage has been paid except $195, which was paid by Mr. Fort to Mrs. Catharine Sawyer as her dower in the purchase money. This sale was afterwards confirmed by an order of Judge Melton.

It appears as a further fact found in the case by the Circuit Judge, Judge Hudson, that before the sale mentioned above, to wit: February 7, 1870, Mr. Fort, the attorney in the cause of *Sawyer* v. *Sawyer,* and a creditor of the estate of George Sawyer, sr., and George Sawyer, jr., also a creditor and heir and administrator of George Sawyer, sr., and John W. Sawyer, also a creditor and heir of George Sawyer, sr., agreed together that William Fort should not bid at the sale of the land against the said George and John W. Sawyer, provided that if they or either of them should become the purchaser, he or they would transfer their bid to the said Fort; George and John, however, to take possession and when they paid said Fort what was due him by the estate, he would make title to them.

William Fort died in 1875. Under the above state of facts the action below was commenced in 1884, by the plaintiffs, grandchildren and heirs at law of George Sawyer, sr., against Catharine Sawyer, the widow and an heir at law of the said George, and also the other heirs at law of the said George, and also against the administrator and heirs at law of William Fort, deceased, demanding judgment, that the tract of land in question

be sold, and the proceeds be applied to the payment of the bond
and mortgage of Catharine Sawyer, given at her purchase of the
land, March 11, 1862, in the partition proceeding before men-
tioned, and that judgment be entered up for any deficiency
against the said Catharine and her sureties, John W. Sawyer,
and the estate of William Fort; and to this end that the sale
made to William Fort, February 7, 1870, be set aside, &c., and
if this be refused, that the re-sale of the land under the orders
above be set aside and a new sale be had. ·

The heirs of George Sawyer, sr., who were made defendants,
answered, admitting the allegations of the complaint and joining
in the prayer for relief, except the defendants, George Sawyer,
jr., and John W. Sawyer, who claimed that they were entitled
to the land under the agreement made by them with Mr. Fort at
the sale of February 7, 1870, and they demanded a dismissal of
the complaint and a specific performance of the contract with Mr.
Fort as against the heirs of the said Fort, their co-defendants.
The other defendants, heirs at law of Fort, denied the alleged
combination at the sale, and claimed that all questions as to the
bond and mortgage had been adjudicated by the proceedings under
the petitions; that all facts connected with the sale were known
or by due diligence could have been known, and they submitted
that all relief against said sale, if at any time the heirs of George
Sawyer were entitled thereto was barred by *laches* and the statute
of limitations.

His honor, Judge Hudson, heard the case, and upon the facts
stated (which, upon examination of the "Case," will be found to
be the material facts) he held "as matter of law, that the plea
of former adjudication as to the bond and mortgage set up as a
defence by the Fort heirs to the demand for foreclosure by ·the
Sawyer heirs was not binding and effectual against the plaintiffs,
Eliza C. Derrick, George A. Fulmer, John W. Fulmer, Mary L.
Fulmer, Amanda M. Boozer, Mary E. Crim, and Maria J. Leap-
hart, for the reason that they were not parties to or bound by the
proceedings following up the petitions aforesaid. * * * That all
the other heirs at law of George Sawyer, sr., are bound by said
proceedings up to and including the order of December 14, 1869.
This decree released Mrs. Catharine Sawyer from her bond and

mortgage, and was made in open court." And he decreed a fore-
closure of the Catharine Sawyer bond and mortgage to the extent
of the interests of said plaintiffs, adjudging that the heirs of Jane
Fulmer were entitled to one-sixteenth of two thirds of said bond,
with interest from November 11, 1885, and the heirs of Jasper
Sawyer to the same amount; that all the other parties to the
suit, whether as heirs or creditors of George Sawyer, sr., were
precluded from setting up any claims, as they were barred by
estoppel, *laches*, and lapse of time. He found further as matter
of law, that the order of Judge Boozer passed December 29,
1869, *at chambers*, ordering a re-sale of the land, was and is
assailable and invalid for the want of jurisdiction, and that the
sale had thereunder on February 7, 1870, was also impeachable,
because the order was granted at chambers, and that it was also
voidable because of the agreement between Mr. Fort and George
and John W. Sawyer, but that the heirs of George Sawyer, sr.,
who attack said sale and who signed the petition, and who were
not minors, either knew the facts or had the means of knowing
them, and because of their negligence and *laches* in not applying
sooner, they cannot complain of the defects of said sale, and are
barred of any relief.

As to the claim of affirmative relief set up by George and John
W. Sawyer, he held that said claim, arising upon a contract
which was illegal and against public policy, could not be enter-
tained, they being left where the court found them, with the legal
title of the land abiding in William Fort, deceased, as against
all the parties to the action contesting it, except those to whom
relief was especially granted. He finally ordered, on failure of
Catharine Sawyer, John W. Sawyer, and the estate of William
Fort paying or causing to be paid to the plaintiffs the sums
allowed them by a day fixed, that the land be sold under the
bond and mortgage of the said Catherine, &c., with leave to said
parties to have judgment and execution for such deficiency, if
any, that might occur, but upon compliance with the terms of
the decree, that the heirs of Fort have full possession of the tract
of land as against all parties to this action who dispute in any
manner the title of William Fort, deceased.

The plaintiffs, Deborah Baggott, Martha Fallaw, Ella William-

son, Ansel Sawyer, and Howell Sawyer, excepted and appeal upon several grounds:

1st. Because his honor erred in holding that said plaintiffs were bound by the decree of Judge Boozer of December 14, 1861 (1869), as a bar to the foreclosure sought, whereas he should have found that Howell Sawyer was not a party to said proceeding, and that the other plaintiffs had no knowledge of said decree, or the references upon which it was based, the same having been procured by William Fort in his own interest, and against the interest of his clients.

2d. That his honor having found that the decree of Judge Boozer was made "at chambers," and therefore the court was without jurisdiction, and the sale tainted by a combination to chill the bidding, he should have found said sale absolutely void, and have ordered a re-sale.

3d and 4th. That his honor erred in finding that these parties were barred by negligence, *laches*, &c., whereas he should have held as matter of law that *laches* should not have been presumed against them, because of the relations which existed between them and their attorney, Mr. Fort, and because of the minority of some of the parties.

5th. That he erred in not admitting the testimony of George and John W. Sawyer.

6th. That he erred in decreeing full possession to the heirs of Fort, the same never having been asked in the pleadings.

The other defendants, heirs at law of George Sawyer (except George Sawyer and John W. Sawyer), appealed upon the same grounds as above; the widow, Catherine, adding an exception as follows: That his honor erred in finding that the reception by her from William Fort of one-sixth of his bid at the re-sale, estopped her from questioning the same.

George Sawyer and John W. Sawyer appealed upon the following exceptions:

1st. Because his honor erred in not admitting and considering the testimony of George and John W. Sawyer, where they testified to transactions with Fort, said testimony being competent under section 2025 of the General Statutes.

2d. In decreeing that full possession of the land in question

should be given up to the estate of Fort, because the same was never asked for by said estate, and such relief is contrary to all the pleadings in the case.

3d. In not excluding as incompetent the agreement between George Sawyer and H. Arthur Fort, the same having been altered and erased in several important particulars.

4th. That his honor having admitted the special agreement, he erred in not admitting and considering the testimony of George Sawyer as to payments made to Colonel Fort, same being competent under section 400 of the Code. This testimony should have been admitted in favor of John W. Sawyer.

5th. That his honor having found the sale of February 7, 1870, and the title of Colonel Fort thereunder valid, he erred in not finding that George and John W. Sawyer entered into possession of the land under the agreement with Colonel Fort, that he would make them titles when they paid him what was due him by the estate of George Sawyer, sr. That he erred further in not finding that they had paid said money, and in not decreeing specific performance in their behalf.

It will be observed that there is no appeal from the plaintiffs in whose behalf relief has been granted, nor have the heirs of Fort appealed. Nor do the exceptions of those who have appealed question the rulings made in favor of the successful plaintiffs. So much of the decree, therefore, as has adjudged the successful plaintiffs entitled to have the original mortgage of Catherine Sawyer reinstated and foreclosed for their benefit, on the ground that they were never parties to the proceedings by which she was released from her purchase, and her bond and mortgage cancelled, under the order of December 14, 1869, must be regarded as established and submitted to by all parties, and the judgment based upon that ruling must be enforced in behalf of said plaintiffs, whatever may be the conseqences to the other parties.

The unsuccessful heirs of George Sawyer, sr. (except George, jr., and John W. Sawyer), however, claim that they, too, were entitled to the benefit of the foreclosure ordered upon several grounds. First, they say, that as to the defendant, Howell, he was in no way a party to the proceedings which led up to the

decree of Judge Boozer of December 14, 1869, releasing Cathe-
rine Sawyer from her bond and mortgage, and that the other
complaining parties had no knowledge of said decree or the ref-
erences upon which it was made.    Contra to this, it must be
remembered that there is a wide difference between the position
of the excluded heirs and the successful plaintiffs as to the orig-
inal bill of *Sawyer* v. *Sawyer ;* a difference. too, which affects
very differently the rights respectively of these classes under the
proceedings in that case.    All of the excluded heirs, including
Howell Sawyer and Mrs. Cook, for whom an especial appeal is
urged, were parties to *Sawyer* v. *Sawyer* from the beginning to
the end, while at no time were the successful plaintiffs parties to
any portion of said proceedings—so held by the Circuit Judge
without appeal.

The petitions which led up to the order of Judge Boozer of
December 14, 1869, releasing Mrs. Catherine Sawyer, were pro-
ceedings, it seems, in the case of *Sawyer* v. *Sawyer*, to which
the excluded heirs were all parties.    The order of December 14,
1869, was passed in open court, after the report of a referee upon
the propriety of such an order, and although we can see no rea-
son why a second guardian *ad litem* was appointed for Howell
Sawyer, yet there seems to be no doubt that he was properly in
court up to that time, and being so, he, with the others who were
also in court, having submitted to the decree made without
appeal, cannot now at this late date avail themselves of the de-
fence that they had no knowledge of said decree or of the refer-
ences upon which it was based.    There must be an end to litiga-
tion, and if parties to actions fail to attend to their own interest
while the action is in progress, or lose their right of appeal by
negligence and inattention, they must take the consequences.
Whatever may have been the justice or propriety of the order of
December 14, 1869, there can be no doubt that all who were
parties to the proceeding which resulted in that order are bound,
the same having been passed in open court, and submitted to for
years and without appeal.

But, it is urged in behalf of the appellants, admitting that they
are bound by the decree of December 14, 1869, yet they are not
bound by the order of sale subsequently passed by Judge Boozer,

said order having been passed *at chambers*, and that his honor having held the court without jurisdiction, on that account it was error on his part not to vacate and set aside the sale made thereunder, and thereupon to order a re-sale. This would be sound doctrine if these appellants had not been parties to that proceeding, or being parties had resisted said order and had appealed therefrom. But having been parties thereto, and not only parties, but at the same time active in promoting said order and in bringing about the sale, it is too late now, after the lapse of years, fifteen or more, to complain. They are estopped from raising the question of jurisdiction. Under all the circumstances, that question was beyond the reach of the Circuit Court, so far as the appellants were concerned.

It is urged, again, that the sale should have been set aside on account of the combination between Mr. Fort and George and John W. Sawyer not to bid against each other, which the Circuit Judge found as matter of fact existed at said sale. But here also the Circuit Judge found as matter of fact that these appellants knew of this conspiracy, or of facts and circumstances connected therewith sufficient to put them on an inquiry which would have developed it, and he ruled that said appellants having submitted to said sale, without protest or objection up to this action, they could not now complain, and were barred by their own *laches* of all relief. We think this ruling of the Circuit Judge is sustained by authority. See *Kerr Frauds*, 303–305; *Badger* v. *Badger*, 2 *Wall.*, 87.

Nor do we think that the ruling of his honor as to the claim of George and John W. Sawyer for affirmative relief was erroneous. They were parties to the conspiracy as to the bidding at the sale, which was illegal and against public policy, and they had no rights, therefore, either legal or equitable which the court could enforce, and it was right that the court should leave them where it found them.

We do not see the pertinency of the exception made by all of the appellants, in which it is complained that his honor refused to admit and consider the testimony of George and John W. Sawyer as to transactions with Mr. Fort, deceased; nor that of George and John W. Sawyer that his honor, having admitted

the special agreement, he erred in not admitting and considering the testimony of George Sawyer as to payments made to Colonel Fort. We do not find in the argument reference to the *folios* where the admission of this testimony was insisted upon and refused, and exception taken. All that we find in the decree of his honor on this subject is that he found as matter of fact: "That before the sale of February 7, 1870, William Fort, who was attorney in the cause of *Sawyer* v. *Sawyer*, and a creditor of the estate of George Sawyer, sr., and George Sawyer, jr., who was a creditor and an administrator and heir of said estate, and John W. Sawyer, who was a creditor and heir of said estate, agreed together that William Fort would not bid against said George and John at said sale, provided, &c. * * * This finding," he said, "is obtained irrespective of the testimony of George and John, and upon the testimony of Ansel Sawyer, where it was not objected to, and the statements of Colonel Fort in the answer in the Murphy dower case, and the statement of his heirs in the complaint in the ejectment case. In fact, the senior counsel for the Fort heirs, Mr. Rion, in his argument admitted that such agreement existed, but denied its legal effect." This branch of the case, in the mind of the Circuit Judge, turned upon the existence of this illegal agreement, of which there appeared abundant testimony, independent of any effect which the appellants might have hoped to accomplish by the admission of the testimony of George and John W. Sawyer.

This brings us to the last exception taken by all the appellants, wherein error is alleged, that his honor decreed that full possession of the land in question should be given up to the estate of Fort. We do not find anything in the pleadings which authorizes this portion of the decree. The action was instituted by a portion of the heirs of George Sawyer, sr., praying judgment that a bond and mortgage given by Catherine Sawyer in the purchase of certain real estate of the said George Sawyer, deceased, under partition proceedings, be enforced by foreclosure of the mortgage, with an alternative prayer that if this could not be done, that a certain subsequent sale of said real estate be set aside, and a re-sale ordered and the proceeds distributed. The relief first above mentioned has been decreed to some of these

heirs, but denied to the others, the latter being held bound by the sale sought to be vacated—the result being that the successful plaintiffs, heirs, are entitled to share in the proceeds of the sale to Mrs. Catherine Sawyer, and the others in the proceeds of the sale to the Fort heirs. Provision is made in the decree for the successful heirs, but none for the appellants.

We think the appellants, styled herein as the unsuccessful heirs, should receive their shares respectively of the sale made to Fort. They have been held to that sale, and they are entitled to have it enforced against the estate of Fort and his heirs, all of whom are before the court. To this end the decree below should be modified and amended so that unless the Fort heirs shall pay to said unsuccessful heirs their shares respectively in the purchase by William Fort of said real estate by a time to be fixed, that then the land be sold in satisfaction of his bond and mortgage given at said purchase; or should a sale be made under so much of the decree below as gives relief to the successful heirs in the foreclosure of the mortgage of Catherine Sawyer, that this sale shall also be in foreclosure of the mortgage of William Fort; the proceeds of said sale, if made. to be distributed between the successful heirs, their shares therein being as decreed below, and the balance between the appellants, their shares being ascertained according to the purchase price of William Fort; and should there be a deficiency in either, that the successful heirs have judgment and execution against Catherine Sawyer and her sureties. and the appellants judgment and execution against the estate of William Fort, if any, for the same.

It is the judgment of this court that so much of the decree as adjudges possession of the lands to the Fort heirs be reversed, and so much as affords relief to the successful heirs, plaintiffs, be affirmed; and that the case be remanded, so that such modification as is herein above decreed in favor of the appellants may be made, the shares of said appellants in the proceeds of the Fort mortgage to be ascertained upon reference or otherwise as the Circuit Court may determine.

In this case, a petition for rehearing was filed by the Fort heirs, upon the ground that William Fort had fully paid the bond

and mortgage given by him for his purchase at the re-sale; and that the statement to the contrary found in the Circuit decree was a manifest mistake of fact.

January 18, 1887. The following order was passed:

PER CURIAM. The petition is based upon a statement that the finding of his honor, Judge Hudson, "that no part of the Fort bond and mortgage had been paid except $195, the widow's dower," was founded upon a mistake of fact, and as this finding constituted in part the basis of our judgment, a rehearing is asked. In the absence of an admission from all the parties that there was such a mistake, we cannot alter the record, and must assume that the findings below were correct, there having been no appeal from said finding. The petition is therefore dismissed.